IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MICHAEL ORTEGA,<br><br>        Petitioner,<br>  v.<br><br>ELLEN ROSENBLUM and MERRICK GARLAND,<br><br>        Respondents. | Case No.: 3:23-cv-00125-YY<br><br>ORDER |

**Adrienne Nelson, District Judge**

United States Magistrate Judge Youlee Yim You issued a Findings and Recommendation ("F&R") in this case on July 22, 2024, recommending that petitioner's petition for writ of habeas corpus be denied. Petitioner timely filed objections. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.* No standard of review is prescribed for the portions of the report for which no objections are filed, and no review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985). A district court judge is not, however, precluded from *sua sponte* review of other portions of the report, under a *de novo* standard or otherwise. *Id.* at 154. The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that, when no objection is filed, the recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

Petitioner challenges a 2018 Washington County Circuit Court conviction. *See* Answer, ECF [17], Ex. 102. He was previously tried and convicted in 2014, but the Oregon Court of Appeals heard

1

his appeal, reversed, and remanded the case for a new trial. *State v. Ortega*, 286 Or. App. 673, 399 P.3d 470 (2017); *see* Answer Ex. 102. On retrial, petitioner was again convicted and sentenced. Answer Ex. 103. Petitioner appealed, and the Oregon Court of Appeals affirmed without opinion. F&R, ECF [35], at 2; *see* Answer Ex. 112. The Oregon Supreme Court denied review. F&R 2; *see State v. Ortega*, 308 Or. App. 660, 487 P.3d 402, *rev. denied*, 368 Or. 206 (2021); Answer Exs. 118-119. The United States Supreme Court denied his petition for writ of certiorari. F&R 2; *Ortega v. Oregon*, 142 S. Ct. 386 (2021) (mem.); Answer Ex. 124. Petitioner filed a state habeas corpus petition with the Oregon Supreme Court, which denied the petition. F&R 2; Answer Exs. 130, 132. He then filed a state petition for post-conviction relief ("PCR"). F&R 3; Answer Ex. 135. That petition was dismissed. F&R 3; Answer Ex. 141.

The petition before the Court states nine grounds for relief:

> "**Ground One**: Denial of right to be secure in his person and house against unreasonable search and seizure when unlawfully seized evidence was introduced at Petitioner's 2014 court trial.
> **Ground Two**: Denial of right to compulsory process for obtaining witnesses in Petitioner's favor when certain witnesses were not allowed to testify at Petitioner's 2014 court trial.
> **Ground Three:** Denial of the right to secure counsel of Petitioner's choice for his 2014 court trial.
> **Ground Four:** Denial of Petitioner's right to represent himself at his 2014 court trial.
> **Ground Five:** Ineffective assistance of trial counsel at Petitioner's 2014 court trial.
> **Ground Six:** Ineffective assistance of appellate counsel on direct appeal from Petitioner's 2014 court trial.
> **Ground Seven:** Denial of Petitioner's right to protection from double jeopardy when he was retried after the Oregon Court of Appeals reversed and remanded his first conviction.
> **Ground Eight:** Denial of Petitioner's speedy trial rights as a result of the retrial after remand from the Oregon Court of Appeals.
> **Ground Nine:** Denial of due process when the trial court on retrial denied Petitioner's motion for discharge pursuant to Or. Rev. Stat. § 138.250."

F&R 3-4; *see* Pet. for Writ of Habeas Corpus, ECF [1], at 7-132.

Judge You found that petitioner could not obtain habeas corpus relief on grounds one through six because they relate to alleged errors during petitioner's 2014 trial, for which petitioner is not currently confined. F&R 5-6. As to grounds seven and nine, Judge You found that remand for a new trial was the correct remedy for the error in petitioner's first trial. As a result, the retrial and denial of petitioner's motion for discharge were not contrary to or an unreasonable application of federal law, and habeas relief is not available on those grounds. *Id.* at 6-8. Judge You found that petitioner had procedurally defaulted

ground eight because he failed to preserve the issue at the trial court or state appellate court. *Id.* at 9. As a result of these findings, Judge You recommended that this Court deny the petition for writ of habeas corpus, enter a judgment of dismissal, and, because petitioner had not made a substantial showing of a denial of a constitutional right, decline to issue a certificate of appealability. *Id.* at 10.

Petitioner timely filed objections. *See* Objs., ECF [40]. There are twenty-three discrete objections across ninety-eight pages of briefing. They can be grouped into four general categories of objections.

The first set of objections (2, 4-10) relates to Judge You's factual findings and characterizations of the record. For example, petitioner argues that the F&R is erroneous because Judge You stated that in his petition, petitioner assigned as error "the trial court's denial of his motion to represent himself," while petitioner maintains that the record reflects that the "trial court violated Petitioner's constitutional right to self-representation." Objs. 8. Upon careful review, the Court agrees with and adopts the factual findings in the F&R.

The second set of objections (1, 11-12) rehashes in great detail petitioner's arguments regarding grounds one through six and argue that petitioner's current confinement results from the judgment of conviction from his first trial. The judgment of conviction from plaintiff's first trial was superseded when the case was remanded; he was subsequently retried and a new judgment of conviction was entered, for which plaintiff is now in custody. As a result, petitioner's current confinement does not result from the judgment of conviction from his first trial, and he cannot obtain habeas corpus relief on these grounds.

The third set of objections (3, 13-18) pertains to grounds seven and nine. Petitioner maintains that the Oregon Court of Appeals intended to reverse and remand his first case to be dismissed, rather than for a new trial, that the trial court should have granted his motion for discharge, and argues that Judge You erred in finding otherwise. *Id.* at 9, 40-63, 66. As a result, he argues that the appellate court decisions were contrary to or an unreasonable application of federal law. *Id.*at 64-66. The Oregon Court of Appeals did not write, as petitioner argues, that the case should be dismissed; it found that "the trial court erred, and that error requires reversal and remand as to the counts on which defendant was convicted."

*State v. Ortega*, 286 Or. App. 673, 675, 399 P.3d 470 (2017).  There was no dismissal.  Reversal and remand was the correct remedy under state law and was not contrary to or an unreasonable application of federal law.  *See State v. Nyquist*, 293 Or. App. 502, 507-08, 427 P.3d 1137 (2018) ("[A] trial court's abuse of discretion in rejecting a defendant's request for self-representation requires reversal of the defendant's convictions and remand for a new trial").

The fourth set of objections (19-21) repeats petitioner's arguments about why his speedy trial rights were violated and contends that he properly preserved these arguments and presented them to the state appellate court, making them eligible for federal habeas review.  Objs. 67-92.  Although petitioner raised his speedy trial claim in his petition for habeas corpus filed with the Oregon Supreme Court, in the underlying matter he did not raise it until his appeal of the conviction from his second trial.  As a result, the matter was not presented to and preserved before the trial court, and the state appellate court could not reach the merits.  As a result, the speedy trial rights claims raised in ground eight were procedurally defaulted.

Accordingly, the Court ADOPTS the Findings and Recommendation, ECF [35].  Petitioner's Petition for Writ of Habeas Corpus, ECF [1], is DENIED.  This case is dismissed.  Because petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 30th day of May, 2025.

Adrienne Nelson
United States District Judge